UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARTA SUE EVANS,

      Plaintiff,
vs.

FAIR COLLECTIONS & OUTSOURCING, INC.,

      Defendant.
_____/

## COMPLAINT

Plaintiff, MARTA SUE EVANS, by and through undersigned counsel, brings this action against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., ("Defendant"), and as grounds thereof alleges as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act," ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because this Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

4. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law FCCPA claims in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this Jurisdiction.

## PARTIES

6. At all times relevant to this Complaint, Defendant, was and is a corporation, formed under the laws of the State of Maryland and has its principal place of business in Maryland.

7. At all times relevant to this Complaint, Defendant, was and is a corporation, doing business in Broward County, Florida.

8. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3)

and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

9. At all times relevant to this Complaint, Defendant, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72, because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. The Defendant, maintains an office at 12304 BALTIMORE AVE., SUITE E, BELTSVILLE, MD 20705, wherein, "debt collection" activities are conducted.

11. At all times relevant to this Complaint, Defendant regularly collects or attempts to collect debts and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

12. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

13. At all times relevant to this Complaint, Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

## BACKGROUND AND GENERAL ALLEGATIONS

14. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

15. Plaintiff entered into a residential lease agreement with FETLAR, LLC, on or about May 8, 2015. ("Lease Agreement"). *A copy of the Lease Agreement is attached hereto as Exhibit "A".*

16. On or about September 4, 2015, WAYPOINT HOMES, INC., on behalf of FETLAR, LLC, and Plaintiff, executed a release agreement whereby Defendant "fully and finally relinquished" all liability of Plaintiff under the Lease Agreement as of September 4, 2015. ("Release Agreement") *A copy of the "Release Agreement" is attached hereto as Exhibit "B".*

17. Upon executing the Release Agreement, Plaintiff was notified by WAYPOINT HOMES, INC., that there was no outstanding balance with respect to the Lease Agreement.

18. However, on or about May 29, 2017, Defendant sent or caused to be sent to Plaintiff, written correspondence, known more commonly in the collection industry as a "*dunning letter*," and/or debt collection letter, for the purpose of collecting monies pursuant to the Lease Agreement purportedly owed by Plaintiff

4

to the Defendant. ("Collection Letter"). *A copy of the Collection Letter is attached hereto as Exhibit "C"*.

19. The Collection Letter was an attempt by Defendant to collect a consumer debt. Specifically, the Collection Letter was an attempt by Defendant to collect upon a debt pursuant to the Lease Agreement that Plaintiff was released from prior to any outstanding balance being owed regarding same.

20. Based on the foregoing, it is undisputed that Defendant was aware that Plaintiff did not owe the alleged debt prior to sending the Collection Letter.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. 15 U.S.C. §1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10).

23. The Collection Letter dated May 29, 2017, falsely and deceptively communicates that Plaintiff was past due and required to make payment upon

alleged debts not actually owed. The charges assessed to Plaintiff in the Collection Letter are a false representation of the character and amount of fees due and owing at all times material.

24. In sum, the Collection Letter included with this Complaint would be deceptive to the least sophisticated consumer with respect to their rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

25. Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e(10).

26. As a direct and proximate result of the violation of the FDCPA by Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

27. Plaintiff hired The Arcia Law Firm, P.L., to represent her in this action and has agreed to pay a reasonable attorney's fee.

28. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., for actual damages,

statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

29. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

30. Florida Statutes § 559.72(9) states: "In collecting debts, no person shall…(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Id.

31. The Collection Letter dated May 29, 2017, is a claim or an attempt to enforce a debt that Defendant knows is not legitimate.

32. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

33. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

34. Plaintiff hired The Arcia Law Firm, P.L., to represent her in this action and has agreed to pay a reasonable attorney's fee.

35. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.72(9), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.72(9), and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, MARTA SUE EVANS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Kevin L. Lewis*
Kevin L. Lewis, Esq.
Florida Bar Number: 101124
**KL Law**
*Attorney for Plaintiff*
3350 S.W. 148th Ave
Suite 100
Miramar, Florida 33027
Telephone:  (954) 437-9066
Facsimile:   (954) 438-4312
Service E-mail: service@arcialawfirm.com
E-mail: klewis@arcialawfirm.com;
          kl@kevinlewislaw.com